**DUBBIN, et al v. NEON SIGN & SERVICE, Inc.**

Circuit Court, Dade County, Civil Appeal.

May 4, 1955.

Anderson & Nadeau, Miami, for appellant.

Jason M. Berkman, Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

After the appellee Albert S. Dubbin, as lessor, and the appellant, Neon Sign & Service, Inc., as lessee, had executed a lease agreement and the appellant had issued its check in payment of the rental for the first month and the last six months of a five-year term, such appellee discovered that the property described in the agreement was owned by the other appellee, Central Industrial Investment Corp.; and he directed a letter to the appellant in which he wrote—"I note that the property covering the 20th and Miami Avenue corner is owned by Central Industrial Investment Corp., a Florida corporation. I, therefore, redrafted the lease to cover the proper landlord and am returning the same to you, together with your check to be made out to the proper landlord."

To such letter the appellant replied—"After giving the revised lease due consideration we have decided against signing same. This lease gives us no protection whatsoever, but protects you fully. You have added to the new one a clause that in the event you decide to erect a building we are also to vacate the property.

Due to the fact that we would find it impossible to rent the bill boards with all these stipulations we have decided to let the matter drop."

The revised lease agreement was never executed by the appellant, and it did not enter into possession or occupancy of the property.

*Both* of the appellees jointly sued the appellant in the court below claiming damages allegedly resulting from the appellant's breach of its alleged agreement to *pay* rent.

There could not possibly be a *joint* cause of action; and I think it obvious that neither of the appellees had a cause of action. In their statement of claim the appellees did not specify which of the lease agreements the appellant had breached. If the action was based on the executed agreement between the appellee Albert S. Dubbin and the appellant, he had no cause of action because, by mutual consent, such agreement was rescinded. If the action was based on the proposed agreement between the appellee corporation and the appellant, which the appellant refused to execute, the appellee corporation should have been the sole plaintiff; but it had no cause of action because there was never a binding agreement between it and the appellant. Nevertheless, the court below entered a final judgment in favor of the appellees jointly, based on the finding that the appellant is indebted to *both* of them in the sum of $250.

The appeal is from the mentioned final judgment (entered July 6, 1954). The judgment is reversed and the court below is directed to enter judgment for the appellant.